672 A.2d 806

**COMMONWEALTH of Pennsylvania**

v.

**James E. BUTLER, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 9, 1996.

Filed March 1, 1996.

584

Benjamin Paul, Philadelphia, for appellant.

Jonathan Levy, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before KELLY and HOFFMAN, JJ., and MONTEMURO, J.*, Assigned.

MONTEMURO, Judge.

This is an appeal from the Opinion and Order of the Court of Common Pleas of Philadelphia County denying Appellant's petition for expungement. After a review of the record and the appropriate factors, we find that the trial court improperly relied on evidence surrounding Appellant's prior expunged arrest to determine that the Commonwealth had a compelling interest in maintaining Appellant's arrest record. Accordingly, we reverse.

On July 22, 1993 Appellant was arrested for the 1989 murder [1] of Eric Abney, as well as possessing an instrument of crime (PIC),[2] and on November 19, 1994, after a non-jury trial, he was acquitted of all charges. Appellant then filed a petition in the criminal motions division of the Court of Common Pleas of Philadelphia County, seeking to expunge his

* Retired Justice assigned to Superior Court.
1.  18 Pa.C.S. § 2502.
2.  18 Pa.C.S. § 907(a).

record of this arrest. On March 2, 1995, a hearing was held, and Appellant's petition denied. This appeal followed.

In support of his petition for expungement, Appellant argued that he was arrested four years after the incident with weak and tainted identification evidence and was found not guilty of murder and PIC. He was only sixteen years old at the time of the incident. He has no prior criminal record [3] and is gainfully employed. Finally, Appellant alleged that the Commonwealth did not have a compelling reason to oppose the request for expungement.

The Commonwealth, on the other hand, contended that it had a compelling interest in maintaining Appellant's arrest record. It argued that Appellant's record would help establish his propensity for violence with the use of a firearm and would be helpful in the future for purposes of police safety, police investigation, and sentencing. In support of this argument, the Commonwealth pointed to the Appellant's prior arrest for aggravated assault, following a complaint by his then girlfriend, a Ms. Lewis, that Appellant had shot at her. In addition, the Commonwealth argued that since Appellant had previously obtained an expungement, he should not be allowed a second expungement.

Relying on the same evidence that had resulted in Appellant's acquittal in the homicide trial, the expungement court found that the Commonwealth's case against Appellant was strong; that there was sufficient circumstantial evidence to establish appellant's pattern of violent behavior; and that he was self-employed and would not suffer occupational or economic limitations as a result of the maintenance of his arrest record. Therefore, upon balancing Appellant's interest against those of the Commonwealth, the trial court held that the denial of the petition for expungement was proper.

Section 9122 of the Criminal History Record Information Act, provides that upon obtaining a court order, an individual

3. In his petition to expunge, Appellant asserted that he had never been arrested prior to this arrest. (Petition to Expunge Criminal Records at 4). This statement is incorrect, as Appellant had previously been arrested. However, that arrest was expunged from his record.

can have the record of a specific criminal proceeding expunged. 18 Pa.C.S. § 9122. Section 9102 provides that if an individual obtains such a court order, the records are to be erased in such a way that there is no trace or indication that the information ever existed, leaving only the information necessary for statistical purposes. 18 Pa.C.S. § 9102.

The purpose of allowing an individual to expunge his record is to protect that individual from the difficulties and hardships that may result from an arrest on record. *Commonwealth v. Malone*, 244 Pa.Super. 62, 68, 366 A.2d 584, 588 (1976) (cited with approval in *Commonwealth. v. Wexler*, 494 Pa. 325, 329, 431 A.2d 877, 879 (1981)). There is no doubt that this information can be harmful to one's reputation and opportunities for advancement in life. *Id.* Therefore, when faced with a request for expungement of a criminal record, the court must "balance the individual's right to be free from the harm attendant to maintenance of the arrest record against the Commonwealth's interest in preserving such records." *Wexler*, 494 Pa. at 329, 431 A.2d at 879. In order to determine the weight of the Commonwealth's and the petitioner's interests, the court must consider several factors, including, but not limited to:

> the strength of the Commonwealth's case against the petitioner, the reasons the Commonwealth gives for wishing to retain the records, the petitioner's age, criminal record, and employment history, the length of time that has elapsed between the arrest and the petition to expunge, and the specific adverse consequences the petitioner may endure should expunction be denied.

*Id.* (quoting *Commonwealth v. Iacino*, 270 Pa.Super. 350, 358, 411 A.2d 754, 759 (1979) (Spaeth, J., concurring)). If the Commonwealth failed to establish guilt beyond a reasonable doubt in the underlying criminal action, it has the burden to present compelling evidence against expungement of the record. *Wexler*, 494 Pa. at 331, 431 A.2d at 880. Moreover, expungement is only proper in cases where acquittal is consistent with a finding of real innocence and is not a result of legal technicalities unrelated to questions of guilt or innocence.

*Commonwealth v. Rose,* 263 Pa.Super. 349, 351, 397 A.2d 1243, 1244 (1979) (citing *Commonwealth v. Malone,* 244 Pa.Super. 62, 366 A.2d 584 (1976)).

Instantly, Appellant asserts that the trial court erred in its decision to deny his request to expunge his criminal record, arguing that the Commonwealth failed to prove that it had a substantial interest in retaining his criminal records. The Commonwealth contends that it has a substantial interest in preserving Appellant's record in that it helps establish a specific pattern of violent behavior.

■ As Appellant was found not guilty of the charges, the Commonwealth had the burden of presenting compelling evidence to establish a pattern of violent behavior. In an attempt to do this, the Commonwealth presented the testimony of the assistant district attorney who tried Appellant's murder case. The assistant district attorney testified that Appellant had a prior aggravated assault arrest expunged and that the expungement of that arrest hampered the investigation and prosecution of the homicide case. He also testified that Ms. Lewis contacted the police with information regarding the murder of Eric Abney, but was very hesitant, if not frightened, to provide the police with much information. He then testified that the officer, with whom she spoke, later learned that Ms. Lewis had previously reported to the police that Appellant fired a gun at her; that Appellant was then arrested for aggravated assault; and that Ms. Lewis failed to appear at Appellant's preliminary hearing. Moreover, it was this testimony that the trial court found to be crucial to its decision to deny Appellant's petition. Initially, it would appear that the Commonwealth presented sufficient evidence of Appellant's past behavior to support its interest in maintaining Appellant's record. However, merely considering the evidence presented does not take into account the relevance of the fact that Appellant's prior arrest was expunged from his record. Thus, we are presented with an issue of first impression, which involves the determination of whether and to what extent a prior expungement and/or the underlying facts of the expunged arrest can be used in subsequent criminal proceedings.

■ In *Connecticut v. Morowitz,* 200 Conn. 440, 512 A.2d 175 (1986), the court noted that an expungement is limited to the erasure of the record and does not erase the memory of those personally involved. *Id.* Therefore, an expungement affords an individual some protection, but cannot entirely protect him from the consequences of his prior actions. *Id.* The court concluded that evidence of the underlying conduct of an expunged arrest which is based on personal knowledge is not precluded. *Id.* The court emphasized that the testimony should be limited to the conduct, and any reference to the arrest or the record should be precluded. *Id.* We find this reasoning to be persuasive and logical, as well as consistent with the language of section 9102 and the purpose of expungement.

In this case, the Commonwealth relied solely on the testimony of the assistant district attorney who tried Appellant's murder case. It does not appear from the record that this witness had any personal knowledge of the events surrounding Appellant's prior arrest, or Ms. Lewis' subsequent contact with the police. What is evident is that the Commonwealth did not present Ms. Lewis, the police officer with whom she filed her complaint, or the officer with whom she spoke about the murder. Each of these witnesses would have been able to provide testimony based on personal knowledge of some or all of the above events.

Accordingly, presentation of the assistant district attorney's testimony regarding Appellant's prior expunged arrest, as well as the surrounding events, violated Appellant's rights under the Criminal History Record Information Act. Therefore, the trial court erred in considering this testimony while deciding whether the Commonwealth established a compelling reason to maintain Appellant's record. As the trial court noted that this testimony was crucial to its decision, a new expungement hearing is warranted to determine the propriety of expunging Appellant's record.

Hence, the order of the trial court is reversed and the case remanded for a new hearing.