**COMMONWEALTH of Pennsylvania**

v.

**Edward DRUMMOND, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 15, 1997.

Filed May 14, 1997.

(4) while the amount of alcohol by weight in the blood of the person is 0.10% or greater....

John W. Packel, Assistant Public Defender, Philadelphia, for appellant.

Peter J. Gardner, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before DEL SOLE, POPOVICH and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

In the early morning hours of January 6, 1995, Detective Burke, a Philadelphia police officer, was dispatched to the residence of Michele and Edward Drummond. Upon his arrival, the officer encountered Michele Drummond, distraught and obviously injured. Michele told the officer that, at some point on the previous evening, her husband, Edward, had punched her in the face and scalded her arms and chest with boiling water. Additionally, Michele stated that, hours later, Mr. Drummond returned and physically assaulted her yet again. Detective Burke personally observed that Michele's skin was bruised, discolored and partially blistered.

Based upon Detective Burke's interview with Michele, as well as his personal observations, an arrest warrant was issued for Edward Drummond. Later that evening, Mr. Drummond surrendered to the police and was charged with aggravated assault, simple assault and recklessly endangering another person.

A preliminary hearing was scheduled for January 17, 1995, at which time the Commonwealth requested a continuance due to the victim's reluctance to testify against her husband. Accordingly, the hearing was rescheduled to February 23, 1995. Following the victim's second refusal to testify, the charges against Mr. Drummond were dismissed.

On February 7, 1996, Mr. Drummond filed a petition to expunge his criminal record in which he asserted that he had no prior arrests or convictions and that the continued record of the present charges caused him embarrassment and irreparable harm. A hearing was held pursuant to this petition on March 18, 1996. After brief arguments were made by counsel, the Honorable John M. Younge denied the petition without prejudice, stating that appellant could re-petition the

court for expungement at a later time. This appeal follows.

██ An individual who is arrested and charged, but not convicted, of a crime may petition the court for an order expunging the records of such arrest. *See* 18 Pa.C.S.A. § 9122. The decision of whether to grant or deny such a request lies in the sound discretion of the trial judge, who must balance the competing interests of the petitioner and the Commonwealth. *See, e.g., Commonwealth v. Dobson,* 454 Pa.Super. 101, 107, 684 A.2d 1073, 1076 (1996); *Commonwealth v. Butler,* 448 Pa.Super. 582, 584–86, 672 A.2d 806, 808 (1996). Mindful that the Commonwealth must prove a compelling interest in retention of the disputed record, the court must consider the individual's right to be free from the ancillary harm that may flow from the maintenance of the record versus the Commonwealth's specific, articulated, arguments opposing expungement. *Id.*

██ In order to aid trial judges in this important function, our Supreme Court long ago outlined five factors that the trial court must address in considering whether expungement in a given case is proper. Specifically, the trial court must consider:

(1) the strength of the Commonwealth's case against the petitioner;

(2) the reasons the Commonwealth gives for wishing to retain the arrest record;

(3) the petitioner's age, employment history and criminal record;

(4) the amount of time that has elapsed between the arrest and the filing of the petition; and

(5) the specific adverse consequences the petitioner may endure should the petition be denied.

*Commonwealth v. Wexler,* 494 Pa. 325, 328–30, 431 A.2d 877, 879 (1981). *See also Butler,* 448 Pa.Super. at 586–88, 672 A.2d at 809; *Commonwealth v. D.M.,* 444 Pa.Super. 299, 302–04, 663 A.2d 792, 794 (1995) (*en banc*). While these factors must be considered, the list is not exhaustive; the trial court may consider other relevant circumstances that an individual case presents. *See, e.g., Butler,* 448 Pa.Super. at 586–88, 672 A.2d at 809.

██ After reviewing the testimony presented at the expungement hearing, we conclude that the trial judge did not abuse his discretion in concluding that a balancing of the above factors weighed in favor of temporarily maintaining appellant's arrest record. We therefore affirm the trial court's order denying appellant's petition without prejudice.

Even without direct testimony from the wife/victim, the Commonwealth had a strong case against appellant. The investigating officer witnessed, firsthand, the bruising and burning on the victim's body. The arrest report also indicates that the victim complained of a continuing pattern of abuse and that appellant returned home and physically assaulted his wife for a second time following the initial scalding episode. Additionally, the victim required medical treatment for her injuries.[1]

██ In mitigation of this evidence, appellant stated that he was a thirty-seven year old lifetime resident of Philadelphia who had no prior arrests. No testimony was offered relative to appellant's employment history. Moreover, aside from the boilerplate claim of "embarrassment and irreparable harm" contained in his petition, appellant proffered no specific evidence tending to show that maintenance of the instant arrest record adverse-

---

1. In an attempt to prove that its interest in maintaining appellant's arrest record is compelling, the Commonwealth has included in its brief to this Court statistical evidence regarding, *inter alia,* battered wife syndrome and the recidivism rate of spousal abusers. This evidence, however, was not offered at the expungement hearing and is, thus, not properly before this Court. While the Commonwealth was certainly entitled to present expert testimony to the trial court at the hearing, it cannot supplement its argument on appeal to this Court. Again, our review is limited to determining whether the trial court abused its discretion; it is the trial court that must, in the first instance, weigh and consider the evidence. *See Commonwealth v. Persia,* 449 Pa.Super. 332, ———, 673 A.2d 969, 971–72 (1996) (Commonwealth provided expert testimony at an expungement hearing concerning the recidivism rate of pedophilic offenders and the emotional trauma suffered by their victims.).

ly affected his life.[2]

In addition to the specific facts outlined above, the trial court had to consider that appellant's petition for expungement was filed less than one year following dismissal of the charges and just over one year after the arrest. When compared to the grave nature of the crimes with which appellant was charged, this time period is hardly significant. This interval is all the more important, however, when one considers that the statute of limitations for the instant offenses was two years and that expungement would effectively erase the arrest from the official records.

In light of the above, we hold that the trial court did not abuse its discretion in denying, without prejudice, appellant's petition to ex-

punge his criminal record. In cases such as the present one, where the evidence against a petitioner is not wholly insufficient, a petitioner's record should, at a minimum, be maintained throughout the applicable statutory period to allow the Commonwealth to refile the charges should the victim decide to testify. Order affirmed.

POPOVICH, J., concurs in the result.

---

**2.** Appellant maintains that, because the trial court noted in its opinion that appellant did not present further testimony at the hearing to support the claim in his petition that he suffered irreparable harm, the court impermissibly shifted the burden of proof to appellant. This is not so. Indeed, the court specifically stated that "it was clearly the Commonwealth's burden" to demon-

strate a compelling interest in maintaining appellant's record. —— Pa.Super. at ——, 694 A.2d at 112. A petitioner is not required to offer specific instances of harm caused by an arrest record. At his discretion, however, a petitioner may do so and, pursuant to our caselaw, the court must consider this harm in determining whether expungement would be proper. *See Butler, supra.*