J. A03001/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
               Appellee :
:
          v. :
:
KENAN MUHAMMAD, :
:
               Appellant : No. 321 EDA 2015

Appeal from the Order January 14, 2015
In the Court of Common Pleas of Philadelphia County
Municipal Court No(s).: MC-51-CR-0017300-2014

BEFORE: GANTMAN, P.J., MUNDY, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.: **FILED MARCH 08, 2016**

Appellant, Kenan Muhammad, appeals from the order entered January 14, 2015, in the Philadelphia County Court of Common Pleas, denying without prejudice his motion to expunge his non-conviction data. After careful review, we affirm.

On May 25, 2014, Appellant was charged with a DUI. On October 10 10, 2014, after numerous continuances, the charges were dismissed for lack of prosecution.

On October 15, 2014, Appellant filed a Motion for Expungement, averring that he works as a part-time parking employee at a country club where he is trying to get full-time employment but that his employer is questioning his DUI arrest record. The trial court held a hearing on the

motion and, on January 14, 2015, denied the motion, noting that the statute of limitations for the DUI had not yet run.

Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue:

Did the Trial Court below commit an error of law when it failed to balance the competing interests of the [P]etitioner and the Commonwealth when the Petitioner sought expungement of his criminal record[?]

Appellant's Brief at 7.

Appellant argues that the trial court abused its discretion in denying his Motion for Expungement because "the Commonwealth did not present any evidence at the Motion hearing other than the expungement petition was filed too soon after dismissal." Appellant's Brief at 11. He contends that the trial court did not appropriately consider the factors listed in **Commonwealth v. Wexler**, 431 A.2d 877, 879 (Pa. 1981).

We review a decision to grant or deny a request for expungement of an arrest record for an abuse of discretion. **Commonwealth v. Hanna**, 964 A.2d 923, 925 (Pa. Super. 2009). The trial court must balance "the individual's right to be free from harm attendant to maintenance of the arrest record against the Commonwealth's interest in preserving such records." **Wexler**, **supra** at 879. The Commonwealth must prove a compelling interest in retention of the disputed record. **Commonwealth v. Drummond**, 694 A.2d 1111, 1113 (Pa.Super. 1997).

18 Pa.C.S. § 9122 governs expungement of criminal history record information. Under Section 9122, a defendant acquitted of a crime "is generally entitled to automatic expungement of the charges for which he was acquitted." *Commonwealth v. Hanna*, 964 A.2d 923, 925 (Pa.Super. 2009). However, this Court has held that expungement is "only proper in cases where acquittal is consistent with a finding of real innocence and is not a result of legal technicalities unrelated to questions of guilt or innocence." *Commonwealth v. Butler*, 672 A.2d 806, 809 (Pa.Super. 1996).

Appellant cites *Wexler*, *supra*, a case in which the Pennsylvania Supreme Court recognized a non-exhaustive list of factors a trial court should consider before making its expungement determination. These factors include "the strength of the Commonwealth's case against the petitioner, the reasons the Commonwealth gives for wishing to retain the records, the petitioner's age, criminal record, and employment history, the length of time that has elapsed between the arrest and the petition to expunge, and the specific adverse consequences the petitioner may endure should expunction be denied." *Id*. at 879. In addition, the statute of limitations may be considered in determining when expungement is appropriate. *See Drummond*, *supra* at 1114 (affirming the denial of expungement where the statute of limitations had not yet run).

In its Pa.R.A.P. 1925(a) opinion, the trial court provided the following well-reasoned and thorough analysis to support its denial of Appellant's Motion for Expungement:

In the instant case, the Court properly exercised its discretion in denying Appellant's petition. Contrary to Appellant's assertion, the Commonwealth did, in fact, articulate an argument for denying expungement. The Commonwealth stated an interest in refiling charges, and an interest in maintaining the records in the event of its decision to so refile. Moreover, the Commonwealth's interest in potentially refiling charges stems from the recency of Appellant's arrest at the time of the hearing. Appellant was arrested only eight months prior to the expungement hearing and the case was discharged only three months prior. Furthermore, Appellant's case was discharged because one officer was sick and the other failed to appear. This was a technicality that prevented culpability from being determined. **See Commonwealth v. Chacker**, 467 A.2d 386, 390 (Pa. Super. 1983) (citing **Commonwealth v. Rose**, 397 A.2d 1243, 1244 (Pa. 1979).

The Court balanced these factors against the fact that Appellant was currently employed at the time of his hearing and that his employers were "questioning" his record when considering him for full-time employment. However, Appellant made no assertion that he had actually been denied full-time employment because of his record. The Court found that the balance slightly favored the Commonwealth at this point in time because the Commonwealth has a strong interest in maintaining the record of a case it is considering to refile. The Court thus dismissed the Motion without prejudice and welcomed Appellant to refile in the future in the event that the Commonwealth did not ultimately refile the matter; presumably, this would be two years from the time of arrest under the relevant statute of limitations, 42 [Pa.C.S.A.] § 5552[.]

Trial Court Opinion, dated 7/31/15, at 3-4.

The trial court considered each of Appellant's concerns, including that Appellant worked at the time of the hearing and that his employers

questioned his record when considering him for full-time employment. Although the trial court opinion noted Appellant's concerns following the brief expungement hearing, the trial court reasonably concluded "that the balance slightly favored the Commonwealth at this point in time[.]" **Trial Court Opinion** at 3. The trial court appropriately balanced the relevant **Wexler** factors, and the trial court properly relied on the "recency" of the arrest and discharge by considering the statute of limitations as part of the **Wexler** analysis. **See Drummond**, **supra** at 1114 (affirming the denial of expungement where the statute of limitations had not yet run and the lower court relied on this factor in its **Wexler** analysis).

Based upon our review of the record, we discern no abuse of discretion. Accordingly, we affirm the trial court's Order denying Appellant's Motion for Expungement without prejudice.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/8/2016