J-A01009-25                    2025 PA Super 93

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                           :              PENNSYLVANIA
                                           :
            v.                             :
                                           :
                                           :
RAYSHEEN LLOYD                             :
                                           :
            Appellant                      :    No. 514 EDA 2024

Appeal from the Order Entered January 23, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): MC-51-CR-0010289-2022

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                           :              PENNSYLVANIA
                                           :
            v.                             :
                                           :
                                           :
RAYSHEEN LLOYD                             :
                                           :
            Appellant                      :    No. 515 EDA 2024

Appeal from the Order Entered January 23, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): MC-51-CR-0010290-2022

BEFORE:  DUBOW, J., KING, J., and SULLIVAN, J.

OPINION BY DUBOW, J.:                              **FILED APRIL 25, 2025**

Appellant, Raysheen Lloyd, appeals from the order entered January 23, 2024, which denied his petitions for expungement at two docket numbers. Appellant asserts that the trial court abused its discretion in denying his expungement petitions. After careful review, we affirm.

On June 19, 2022, the Commonwealth charged Appellant at docket numbers MC-51-CR-0010289-2022 ("0289") and MC-51-CR-0010290-2022

("0290") with Aggravated Assault and related offenses.[1]  The complaining witness ("Complainant") in both cases is Appellant's former paramour.  The court dismissed all charges for lack of prosecution on August 12, 2022, after Complainant failed to appear for the preliminary hearing that day and on two prior occasions.  On November 15, 2022, the court granted both cases Limited Access pursuant to 18 Pa.C.S. § 9122.2.

On February 27, 2023, Appellant filed petitions for expungement at both docket numbers requesting that the court expunge the records regarding the charges and his subsequent arrest.  The Commonwealth objected because the charges constituted a "pattern of domestic violence related arrests/charges." Commonwealth's Objection to Expungement, 10/26/23.

The court held an expungement hearing on January 23, 2024.  The Commonwealth introduced the affidavits of probable cause for both cases and the parties stipulated that Appellant had prior convictions for Knowing and Intentional Possession of a Controlled Substance in 2003 and 2004, as well as for Resisting Arrest in 2010.  The Commonwealth did not present any witness testimony, medical records, or photographs.  The Commonwealth argued that it opposed expungement because the statute of limitations would not expire

_____

[1] At 0289, Complainant alleged that as a result of Appellant's actions, she sustained "a black eye, bruises on her arms and legs, and a cut on her toe." Trial Ct. Op., 4/8/24, at 3.  At 0290, Complainant alleged that Appellant caused "a lumbar vertebra fracture, a sprained left wrist, multiple abrasions, and busted lip[,]" which were treated at Einstein Hospital.  *Id.*  The court noted that "[C]omplainant forwarded photographs of the injuries to the assigned detective." *Id.*

until 2027, and the charges might serve as Pa.R.E. 404(b) evidence in future cases against Appellant. N.T. Hr'g, 1/23/24, at 30, 34.

Appellant also testified. He explained that he lost his seasonal employment the day before the expungement hearing and that he currently worked part-time. Regarding his efforts to find employment, he testified that only one potential employer told him that it could see his criminal record, but did not specify that it could see the present charges. Finally, he stated that his goal is to find a union-based job, which he cannot do because of his record.

The court denied the petitions. Appellant timely appealed. Both he and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue for our review:

> Did not the lower court abuse its discretion [and] violate the dictates of Pennsylvania Supreme Court Decisions and due process protections in denying the motion for expungement?

Appellant's Br. at 1.

We review the denial of an expungement petition for abuse of discretion. **Commonwealth v. Adams**, 317 A.3d 639, 643 (Pa. Super. 2024). An abuse of discretion is "the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will[,] or partiality, as shown by the evidence of record." **Commonwealth v. Harris**, 884 A.2d 920, 924 (Pa. Super. 2005) (citations omitted).

When the Commonwealth terminates a case without either a conviction or an acquittal, and a defendant seeks to expunge his record, "this Court has required the trial court to balance the individual's right to be free from the

harm [due] to maintenance of the arrest record against the Commonwealth's interest in preserving such records." **Adams**, 317 A.3d at 644 (citations and internal quotation marks omitted). Factors relevant to the court's consideration of the expungement petition include: (1) "the strength of the Commonwealth's case against the petitioner[;]" (2) "the reasons the Commonwealth gives for wishing to retain the records[;]" (3) "the petitioner's age, criminal record, and employment history[;]" (4) "the length of time that has elapsed between the arrest and the petition to expunge[;]" and (5) the specific adverse consequences the petitioner may endure" if the court denied expungement. **Commonwealth v. Wexler**, 431 A.2d 877, 879 (Pa. 1981) (citation omitted).[2] The court should evaluate all the **Wexler** factors in cases terminated without a conviction. **Commonwealth v. D.M.**, 695 A.2d 770, 773 (Pa. 1997).

When the Commonwealth has not presented any evidence at either a preliminary hearing or the expungement hearing that would be admissible at a trial, this Court has held expungement is appropriate. **See, e.g., Adams**, 317 A.3d at 645-46 (reviewing the **Wexler** factors and concluding that trial court abused its discretion in denying expungement because the

---

[2] In **Wexler**, the court determined that the first two factors—the strength of the case against the petitioner and the reasons given for maintaining the record—weighed in favor of granting expungement and, thus, only considered those two factors in determining that the lower court abused its discretion in denying expungement. 431 A.2d at 880-81.

Commonwealth had provided only police reports at the expungement hearing, which were hearsay and, thus, inadmissible at trial).

When the Commonwealth admits that it will be unable to bear its burden of proof beyond a reasonable doubt at trial, the Commonwealth "bear[s] the burden of justifying why the arrest record should not be expunged." *Commonwealth v. Moto*, 23 A.3d 989, 994 (Pa. 2011) (citation omitted). Relevant to the instant case, "where the evidence against a petitioner is not wholly insufficient, a petitioner's record should, at a minimum, be maintained throughout the applicable statutory period to allow the Commonwealth to refile the charges should the victim decide to testify." *Commonwealth v. Drummond*, 694 A.2d 1111, 1114 (Pa. Super. 1997).

In *Drummond*, the Commonwealth charged the defendant with Aggravated Assault after he injured his wife such that she needed medical attention, an incident that was part of an ongoing pattern of abuse. *Id.* at 1112. The court dismissed the charges after the victim refused to testify at the preliminary hearing. One year later, the defendant filed an expungement petition, which the court denied. *Id.* On appeal, this Court affirmed, concluding, *inter alia*, that the Commonwealth presented the testimony of the investigating officer who saw the victim's injuries firsthand; the arrest report detailed ongoing abuse; the victim needed medical treatment; the defendant filed the petition only one year after his arrest; the statute of limitations had not yet run; and his "boilerplate claim of 'embarrassment and irreparable

harm'" was insufficient to demonstrate specific adverse consequences. *Id.* at 1113-14.

Here, Appellant argues that the trial court abused its discretion in denying expungement because the Commonwealth failed to meet its burden regarding the first and second *Wexler* factors and further contends that the remaining factors weigh in favor of granting expungement. Appellant's Br. at 7-21. Regarding the first *Wexler* factor, Appellant argues that the Commonwealth did not establish that it could present a strong case because it did not present any witnesses at the expungement hearing or a preliminary hearing, and the affidavits presented at the hearing were double hearsay and thus, inadmissible at a trial. *Id.* at 12-13. Regarding the second factor, Appellant argues that the Commonwealth's reasons for opposing expungement—the Rule 404(b) use of the arrests and the statute of limitations—were "general and far from compelling" because they could apply in any case. *Id.* at 14.

Regarding the third factor, Appellant notes that he is 40 years old, which is young enough for his record to affect employment, and the rest of his criminal record is over 10 years old. *Id.* at 18. Regarding the fourth factor, Appellant asserts that the court erroneously considered whether the statute of limitations had run when the Commonwealth did not meet its burden regarding the first two factors. *Id.* at 18-19. He also notes that, in *Wexler*, the court granted expungement where the expungement hearing was 6 months after the charges had been *nolle prossed*. *Id.* at 19. Finally, regarding

the fifth factor, Appellant argues that the absence of adverse consequences is not enough to deny expungement because it is not his burden to establish that he has suffered adverse consequences. *Id.* at 20.

The trial court, however, concluded that each *Wexler* factor weighed in favor of denying expungement. Trial Ct. Op. at 8. Regarding the first factor, it found that the Commonwealth presented compelling evidence about Appellant's conduct in the form of two sworn affidavits and medical evidence,[3] and that the only reason the Commonwealth could not meet its burden at the preliminary hearing was because Complainant refused to testify. *Id.* at 5. The court found this case analogous to *Drummond*, *supra*, because in both cases, the complainants complained of a continuing pattern of abuse and required medical treatment for their injuries. *Id.* at 5-6 (citing Exhs. C-2 and C-3). Additionally, Complainant identified Appellant as the perpetrator when she reported the incidents. *Id.* at 6. Regarding the second factor, the court explained, *inter alia*, that the statute of limitations does not expire until 2027, allowing the Commonwealth to refile charges if Complainant cooperates in the future. *Id.*

Regarding the third factor, the court found that Appellant has maintained employment, and it was not clear that the prospective employer could see the present charges on his background check. *Id.* at 6-7. Regarding

---

[3] We note that the Commonwealth did not present medical evidence beyond the complainant's description of her injuries in the affidavits of probable cause. *See* N.T. Hr'g at 30-36, Commonwealth Ex. C-2 and C-3.

the fourth factor, it noted that there were only 6 months between the dismissal of the charges and the expungement petitions, which, based on *Drummond*, was a short time that weighed in favor of denying expungement. *Id.* at 7. Finally, regarding the fifth factor, it found that, although Appellant testified that since his arrest for these charges, he could not obtain full-time employment, Appellant has been employed and there is no evidence that his record prevented employment, or of any other adverse consequences. *Id.*

Following our review, we discern no abuse of discretion in the trial court's decision to deny expungement in both cases. The court examined each of the *Wexler* factors and assigned significant weight to the relatively short length of time that elapsed between Appellant's arrest and his expungement petitions, the fact that the statute of limitations had not yet run, and the lack of adverse consequences that Appellant suffered as a result of having the instant arrests on his record.

Our review of the record supports the court's findings: only 6 months have elapsed between the dismissal of the charges and the expungement petitions, the statute of limitations does not expire until 2027, allowing the Commonwealth to re-file the charges if Complainant cooperates in the future, and there is no evidence that these charges have prevented Appellant from gaining employment. In balancing Appellant's "right to be free from the harm [due] to maintenance of the arrest record" against the Commonwealth's interest in preserving his record, the trial court properly determined that Appellant has not suffered harm, and the Commonwealth demonstrated a

sufficient reason for maintaining the records. *Adams*, 317 A.3d at 644. We discern no abuse of the court's discretion. Accordingly, Appellant's claims do not entitle him to relief, and we affirm the denial of expungement at both docket numbers.

Orders affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/25/2025