J-A34028-14

2015 PA Super 42

COMMONWEALTH OF PENNSYLVANIA,   :     IN THE SUPERIOR COURT OF
                                  :               PENNSYLVANIA
             Appellee          :
                                    :
                 v.                    :
                                    :
VICTORIA C. GIULIAN,            :
                                    :
             Appellant       :       No. 906 MDA 2014

Appeal from the Order Entered April 30, 2014,
In the Court of Common Pleas of Centre County,
Criminal Division, at No. CP-14-MD-0000836-2013.

BEFORE: FORD ELLIOTT, P.J.E., SHOGAN, J., and STABILE, J.

OPINION BY SHOGAN, J.:                  **FILED FEBRUARY 23, 2015**

Appellant, Victoria C. Giulian, appeals from the April 30, 2014 order that denied her petition for expungement. For the reasons that follow, we affirm.

In 1997, Appellant pled guilty to the summary offenses of underage drinking, harassment, and public drunkenness ("the 1997 offense"). In a separate matter, nearly one year later, Appellant pled guilty to the summary offense of criminal mischief ("the 1998 offense").

On May 8, 2013, Appellant filed petitions to expunge both the 1997 offense and the 1998 offense. The Centre County District Attorney objected to the expungement of the 1997 offense. The objection was based on the fact that Appellant had been arrested and pled guilty to the 1998 offense;

thus, she had not remained arrest or prosecution free for the five years following her conviction for the 1997 offense as required by 18 Pa.C.S. § 9122(b)(3)(i).[1]  On June 24, 2013, the trial court granted Appellant's petition to expunge the 1998 offense because Appellant had been free from arrest or prosecution following that conviction.  However, following a hearing and an opportunity to brief the issue, the trial court denied Appellant's petition to expunge the 1997 offense in an order filed on April 30, 2014. This timely appeal followed.

On appeal, Appellant raises one issue for this Court's consideration:

Did the trial court commit an error of law in finding that [Appellant] was not statutorily eligible to have her summary convictions expunged pursuant to 18 Pa.C.S.A. § 9122(b)(3) despite the fact that [Appellant] has been free of arrest and prosecution for more than five years following the convictions?

Appellant's Brief at 4.

"The intent of an expungement statute is 'to protect that individual from the difficulties and hardships that may result from an arrest on record.'" ***Commonwealth v. Butler***, 672 A.2d 806, 808 (Pa. Super. 1996).

---

[1]  As noted above, Appellant also pled guilty to one count of underage drinking arising from the 1997 offense.  However, the underage drinking conviction was expunged pursuant to 18 Pa.C.S. § 9122(a)(3).  The underage drinking conviction was a specifically enumerated offense that did not require Appellant to remain arrest or prosecution free for the five years following her conviction in order to be eligible for expungement.  Thus, the only convictions for which Appellant was denied expungement in the 1997 offense were harassment and public drunkenness; it is the denial of the petition to expunge those crimes that underlies this appeal.

However, "the decision to grant or deny a petition for expungement lies in the sound discretion of the trial court, who must balance 'the individual's right to be free from harm attendant to maintenance of the arrest record against the Commonwealth's interest in preserving such records.'" **Commonwealth v. Wallace**, 97 A.3d 310, 317 (Pa. 2014) (quoting **Commonwealth v. Wexler**, 431 A.2d 877, 879 (Pa. 1981)).[2]

Appellant's claim of error requires this Court to determine the correct interpretation of 18 Pa.C.S. § 9122(b)(3)(i). Statutory interpretation is a question of law, and therefore our scope of review is plenary, and our standard of review is *de novo*. **Commonwealth v. Van Aulen**, 952 A.2d 1183, 1184 (Pa. Super. 2008).

The statute at issue reads in relevant part as follows:

**(b) Generally.**--Criminal history record information may be expunged when:

* * *

(3)(i) An individual who is the subject of the information petitions the court for the expungement of a summary offense **and has been free of arrest**

---

[2] The **Wexler** Court also discussed a non-exhaustive list of factors the court should consider when faced with a petition for expungement, which includes: the strength of the Commonwealth's case against the petitioner; the reasons the Commonwealth gives for wishing to retain the records; the petitioner's age, criminal record, and employment history; the length of time that has elapsed between the arrest and the petition to expunge; and the specific adverse consequences the petitioner may endure should expunction be denied. **Wexler**, 431 A.2d at 879.

> **or prosecution for five years following the conviction for that offense**.

18 Pa.C.S. § 9122(b)(3)(i) (emphasis added).  Thus, the issue is whether the language contained in 18 Pa.C.S. § 9122(b)(3)(i) allows expungement when the petitioner is free of arrest or prosecution for **any five-year period following conviction**, or for **the five-year period immediately following the conviction**.  After review, we agree with the trial court that the correct interpretation is the latter.

Basic rules of statutory construction set forth that statutes shall be construed to give effect to all its provisions, if possible, keeping in mind that the legislature did not intend any statutory language to exist as mere surplusage.  ***Commonwealth v. Baker***, 72 A.3d 652, 662 (Pa. Super. 2013) (citation and quotation marks omitted); 1 Pa.C.S. § 1921(a), (b).

> Words and phrases shall be construed according to rules of grammar and according to their common and approved usage; but technical words and phrases and such others as have acquired a peculiar and appropriate meaning or are defined in this part, shall be construed according to such peculiar and appropriate meaning or definition.

1 Pa.C.S. § 1903(a).  Additionally, under the rule of lenity, penal statutes must be strictly construed, and ambiguities must be resolved in favor of the criminal defendant.  ***Commonwealth v. Rivera***, 10 A.3d 1276, 1284 (Pa. Super. 2010).  Here, however, we discern no ambiguity.

If the General Assembly intended 18 Pa.C.S. § 9122(b)(3)(i) to require only that Appellant remain free of arrest or prosecution for **any** period of five years following her conviction for the 1997 offense, it would not have utilized the phrase "following the conviction for that offense," and the statute would have read, in relevant part, as follows:

> An individual who is the subject of the information petitions the court for the expungement of a summary offense and has been free of arrest or prosecution for five years[.] ~~following the conviction for that offense.~~

Because we may not disregard statutory language as mere surplusage, **Baker**, 72 A.3d at 662, we agree with the trial court's interpretation that Appellant was required to remain free of arrest or prosecution for the five years **immediately** following her conviction for the 1997 offense. Therefore, as Appellant was not free of arrest or prosecution for the five years following the 1997 offense, we discern no error or abuse of discretion in the trial court's order denying her petition to expunge the 1997 offense. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/23/2015