J-S31042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| BRYON K. SMITH | |
| Appellee | No. 1755 MDA 2014 |

Appeal from the Order Entered on October 8, 2014
In the Court of Common Pleas of Franklin County
Criminal Division at No.: CP-28-CR-647-1996

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| BRYON K. SMITH | |
| Appellee | No. 1756 MDA 2014 |

Appeal from the Order Entered on October 8, 2014
In the Court of Common Pleas of Franklin County
Criminal Division at No.: OTN: E596889-6

BEFORE:  BENDER, P.J.E., ALLEN, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:                    **FILED JULY 17, 2015**

The Commonwealth appeals the October 8, 2014 orders that expunged Bryon K. Smith's 1995 and 1996 summary offenses for retail theft.  After review, we reverse.

The trial court summarized the procedural and factual history of this case as follows:

[Smith] was convicted of two separate retail theft summary offenses on October 19, 1995 and September 16, 1996. On August 13, 2014[, Smith] petitioned [the trial court] for expungement of the summary offenses under 18 Pa.C.S. § 9122(b)(3). A hearing was held on October 8, 2014. At the conclusion of the hearing[, the trial court] issued Court Orders expunging the retail theft convictions under docket no. 647-1996 and OTN: E596889-6. . . .

The two convictions that [Smith] seeks expungement of involve summary offense convictions on October 19, 1995 and September 16, 1996 of retail theft under 18 Pa.C.S. § 3929(a)(3). A criminal background check shows that [Smith] also has: a conviction of theft by deception on November 16, 1998; an arrest and [Accelerated Rehabilitative Disposition] for [driving under the influence] in 1998; and convictions for two counts of theft of services on November 12, 2006. It is undisputed that [Smith] has been free from arrest from 2006 to the present.

Trial Court Opinion ("T.C.O."), 10/30/2014, at 1.

On October 9, 2014, the Commonwealth filed a notice of appeal, a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and a motion for reconsideration. On October 30, 2014, the trial court denied the motion for reconsideration and filed a Pa.R.A.P. 1925(a) opinion.

The Commonwealth raises one issue for our review: "Whether the lower court erred in interpreting 18 Pa.C.S. § 9122(b)(3) to permit expungement of convictions when the petitioner had not been free of arrest

or prosecution for the five years following conviction for that offense?" Commonwealth's Brief at 4.

The expungement statute, in pertinent part, states:

**(b) Generally.--**Criminal history record information may be expunged when:

\* \* \*

(3)(i) An individual who is the subject of the information petitions the court for the expungement of a summary offense and has been free of arrest or prosecution for five years following the conviction for that offense.

(ii) Expungement under this paragraph shall only be permitted for a conviction of a summary offense.

18 Pa.C.S.A. § 9122.

The issue here is the meaning of "free of arrest or prosecution for five years following the conviction for that offense." The trial court understood that to mean the five years prior to the expungement hearing. T.C.O. at 2-3. The Commonwealth contends that it means the five years immediately after conviction. Commonwealth's Brief at 9. The Commonwealth also notes, and Smith concedes, that our Court has decided this precise issue during the pendency of this appeal. Commonwealth's Brief at 10; Smith's Brief at 3.

In **Commonwealth v. Giulian**, 111 A.3d 201 (Pa. Super. 2015), the appellant sought to have two summary convictions expunged, one from 1997 and one from 1998. The Commonwealth objected to expungement of the 1997 conviction, arguing that, due to the 1998 conviction, the appellant

had not remained free of arrest or prosecution in the five years following the 1997 conviction. *Id.* at 202. Ultimately, the trial court agreed with the Commonwealth and denied expungement for the 1997 conviction. The issue before this Court was "whether the language contained in 18 Pa.C.S. § 9122(b)(3)(i) allowed expungement when the petitioner is free of arrest or prosecution for any five-year period following conviction, or for the five-year period immediately following the conviction." *Id.* at 203 (emphasis omitted). In applying the rules of statutory construction, we determined that the General Assembly's use of the phrase "following the conviction for that offense" would be rendered mere surplusage if the statute were interpreted to mean any five-year period. "Because we may not disregard statutory language as mere surplusage, we agree[d] with the trial court's interpretation that [the appellant] was required to remain free of arrest or prosecution for the five years immediately following [the] conviction." *Id.* at 204 (citation and emphasis omitted).

Under *Giulian*, the trial court erred in determining that, because Smith was free of arrest for the five years prior to the hearing, he met the criteria for expungement pursuant to 18 Pa.C.S.A. § 9122(b)(3). Because Smith was convicted of offenses in 1998, he was not free of arrest or prosecution for the five years following his 1995 or his 1996 conviction. Therefore, the trial court erred in granting his petition for expungement of those convictions, and we reverse its orders.

Orders reversed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/17/2015