J-A19021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| NATHAN GORDON AND KATHLEEN GORDON AS PLENARY LEGAL GUARDIANS OF AMY MELISSA GORDON, AN INCAPACITATED PERSON | : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | No. 2705 EDA 2016 |
| ALLEGHENY VALLEY SCHOOL AND NHS HUMAN SERVICES, INC. A/K/A AND/OR F/K/A NORTHWESTERN HUMAN SERVICES, INC A/K/A AND/OR F/K/A THE NORTHWESTERN CORPORATION | : : : : : : : | |
| Appellant | : | |

Appeal from the Order Entered July 19, 2016
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): No. 2014-03091

| | | |
|---|---|---|
| NATHAN GORDON AND KATHLEEN GORDON AS PLENARY LEGAL GUARDIANS OF AMY MELISSA GORDON, AN INCAPACITATED PERSON | : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | No. 2709 EDA 2016 |
| ALLEGHENY VALLEY SCHOOL AND NHS HUMAN SERVICES, INC. A/K/A AND/OR F/K/A NORTHWESTERN HUMAN SERVICES, INC. A/K/A AND/OR F/K/A THE NORTHWESTERN COPORATION | : : : : : : : | |
| Appellant | : | |

Appeal from the Order Entered July 19, 2016
In the Court of Common Pleas of Montgomery County
Civil Division at No(s):  No. 2014-03091

BEFORE:  BENDER, P.J.E., DUBOW, J., and MUSMANNO, J.

JUDGMENT ORDER BY DUBOW, J.:          **FILED SEPTEMBER 07, 2017**

In these consolidated appeals, Appellants, Allegheny Valley School and NHS Human Services, Inc. a/k/a and/or f/k/a Northwestern Human Services, Inc. a/k/a and/or f/k/a The Northwestern Corporation appeal from July 19, 2016 Orders in which the trial court concluded that Appellants are not entitled to the statutory privilege afforded in the Peer Review Protection Act ("PRPA").[1]  After review, we are constrained to vacate the Orders and remand.

The relevant facts and procedural history are as follows.  This case arises from a spinal cord injury sustained in June 2012 by Appellee Amy Melissa Gordon, an intellectually disabled adult resident of Appellants' community group home.  Appellees, Nathan Gordon, Kathleen Gordon, and Amy Melissa Gordon, allege that Appellants' negligence caused Amy to sustain injuries, which rendered her a paraplegic.

During the course of discovery, Appellees sought to depose a nurse who had been retained by Appellants to conduct a peer review of the incidents giving rise to Amy Gordon's injuries and requested the production

_____

[1] 63 P.S. § 425.1 *et seq*.

- 2 -

for inspection of original documents relating to her. Appellants objected to both requests, claiming that its group home for intellectually disabled adults qualifies as an "other health care facility" under the PRPA, and, thus, entitled to its statutory privilege. On May 19, 2016, Appellees responded by filing Motions to Overrule Objections to Discovery based on the PRPA and to Compel Inspection of Original Records.

A discovery Master held a hearing on Appellants' Objections and Appellees' responding Motions. On July 19, 2016, based on the Master's Recommendation, the trial court entered Orders granting Appellees' Motions, concluding that Appellants failed to establish that they are a "professional health care provider under 63 P.S. § [425.2.]" Trial Ct. Op., 9/20/16, at 5. Appellants timely appealed and Appellants and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellants seek a determination that the confidentiality protections of the PRPA apply to them as a "professional health care provider." Appellants' argument requires us to engage in statutory interpretation of the PRPA in the context of the facts of the instant case. Statutory interpretation is a question of law; therefore, our scope of review is plenary, and our standard of review is *de novo*. **Commonwealth v. Giulian**, 141 A.3d 1262, 1266 (Pa. Super. 2016). Importantly, appellate courts are not fact-finding courts. **Commonwealth v. Grant**, 813 A.2d 726, 734 (Pa. 2002) (noting that appellate courts do not act as fact finders).

The certified record in the instant case does not contain a transcript of the hearing on Appellees' Motions that occurred before the discovery Master. The record is also devoid of the Master's Recommendation, and any findings of fact. In particular, there are no findings of fact and conclusions of law regarding the seminal issue of whether Allegheny Valley School is "approved, licensed or otherwise regulated to operate in the health care field." *See* 63 P.S. § 425.2(1). Rather, this Court has before it an almost 2,500-page record replete only with allegations and assertions, and appellate briefs containing the parties' arguments on their relative positions. Without findings of fact and conclusions of law, we are unable to provide a proper review. Thus, we are constrained to remand for the trial court to develop the factual record as needed and issue findings of fact and conclusions of law.[2] We also direct the trial court to consider, and make findings of fact as to, whether, even if Appellants are entitled to the statutory privilege under

_____

[2] Appellants also allege that the coordinate jurisdiction rule requires the Montgomery County Court of Common Pleas to find that Appellants are a "professional health care provider" because a judge of the Philadelphia County Court of Common Pleas transferred this matter to Montgomery County pursuant to Pa.R.C.P. No. 1006(a.1) after concluding that Appellants "brought [this action] against a health care provider for a medical professional liability claim." Trial Ct. Order, 12/4/13. Appellants baldly assert that the decisions of the two courts are "impossible to reconcile[,]" but they fail to cite any authority to support this averment. Appellants' Brief at 34. Appellants' failure to develop adequately this issue with citation to relevant authorities constitutes waiver of this issue on appeal. *See Lackner v. Glosser*, 892 A.2d 21 (Pa. Super 2006) (explaining arguments that are not appropriately developed with citation to relevant authority are waived on appeal).

the PRPA, the discovery sought by Appellees is "otherwise available from original sources[.]" ***See id.*** at § 425.4.

Orders vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/7/2017