J-A26031-18

2019 PA Super 16

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHARLES F. NEVELS, III | : | |
| | : | |
| Appellant | : | No. 1354 WDA 2017 |

Appeal from the Judgment of Sentence August 25, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0011118-2015

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MURRAY, J.

DISSENTING OPINION BY SHOGAN, J.:          FILED JANUARY 18, 2019

Although the Majority presents a thoughtful analysis of the facts and law in this matter, I am compelled to disagree with its determination regarding Appellant's challenge to his two convictions of retaliation against a witness, victim or party.  Thus, I respectfully dissent.

Appellant argues that his convictions for retaliation against a witness, victim or party cannot be upheld because there is no indication that Appellant sought retaliation against persons who were witnesses, victims or parties in a civil matter.  Appellant's Brief at 48-49.  Specifically, Appellant contends that 18 Pa.C.S. § 4953 requires that the person harmed by Appellant's unlawful act be a witness, victim or a party in a civil matter.  Id. at 48.  Appellant further notes that there is no evidence that the underlying judicial matter, from which Appellant's conduct stemmed, was civil in nature.  Id.  Likewise,

the Commonwealth essentially concedes that fact stating, "It does not appear that the victims were involved in any civil matter that prompted [A]ppellant's criminal behavior toward them. Consequently, this Court may determine that the evidence was insufficient with regard to these charges." Commonwealth's Brief at 45 (emphasis in original). I agree.

Review of this issue focuses upon the interpretation of a statute and its application of proper legal principles. These are questions of law for which our standard of review is de novo and our scope of review is plenary. Commonwealth v. Lynn, 114 A.3d 796, 817-818 (Pa. 2015).

When the parties read a statute in two different ways and the statutory language is reasonably capable of either construction, the language is ambiguous. Commonwealth v. Giulian, 141 A.3d 1262, 1268 (Pa. 2016). The rule of lenity states, "[it] is axiomatic that . . . penal statutes must be strictly construed, with ambiguities being resolved in favor of the accused." Commonwealth v. Rivera, 10 A.3d 1276, 1284 (Pa. Super. 2010). However, the rule of lenity is applicable only when the penal statute has been determined to be ambiguous. Commonwealth v. Jarowecki, 985 A.2d 955, 963 (Pa. 2009).

The statutory language at issue here provides as follows:

§ 4953. Retaliation against witness, victim or party

(a) Offense defined.-- A person commits an offense if he harms another by any unlawful act or engages in a course of conduct or repeatedly commits acts which threaten another in

> retaliation for anything lawfully done in the capacity of witness, victim or a party in a civil matter.

18 Pa.C.S. § 4953(a).

My review of the statute reflects that the current version of Section 4953 was enacted by the General Assembly on December 20, 2000. The prior version of the statute provided: "A person commits an offense if he harms another by unlawful act in retaliation for anything lawfully done in the capacity of witness or victim." As the Majority aptly points out, "the current version, which took effect on December 20, 2000, added the phrase 'or a party in a civil matter.'" Majority Opinion at 18. The Majority concludes that the additional language "in a civil matter" should only modify the immediately preceding word "party" and not the words "witness" and "victim." In support of this broad conclusion, the Majority relies upon the fact that two published cases, Commonwealth v. Ostrosky, 909 A.2d 1224, 1232-1233 (Pa. 2006) and Commonwealth v. Brewer, 876 A.2d 1029 (Pa. Super. 2005), had applied the statute in criminal proceedings. Majority Opinion at 18-19. However, it is my observation that neither of the two cited cases was presented with the exact issue set forth by Appellant, nor did either case make any holding on the matter at issue. Therefore, I cannot conclude that those cases are controlling precedent for purposes of our analysis of Appellant's issue. Rather, I am constrained to conclude that the current statutory language, which includes the limiting phrase "in a civil matter," is capable of being read in various manners. First, the phrase could require that the person

- 3 -

against whom retaliation is sought be involved "in a civil matter" as a witness, victim or party, thereby applying the limiting phrase to all the terms preceding the phrase. The second reading of the language could require that the person against whom retaliation is sought be a witness in any proceeding, but only a victim or party "in a civil matter," thereby applying the limiting phrase to the two terms immediately preceding the phrase. The third reading could require that the person against whom retaliation is sought be a witness or a victim in any proceeding, but only a party "in a civil matter," thereby applying the limiting phrase to the one term immediately preceding the phrase. Hence, I conclude that the statute is patently ambiguous.

Therefore, I would apply the rule of lenity to this ambiguous statute and interpret the language of the statute in the light most favorable to the accused. Such a reading would require that the persons against whom Appellant sought retaliation be involved in a civil matter as a witness, victim or party. However, as the Commonwealth concedes, the individuals were not involved in a civil matter. Consequently, I would vacate the judgment of sentence as it pertains to Appellant's convictions of retaliation against a witness, victim or party and remand the case for resentencing.