2019 PA Super 65

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES BAUMGARTNER | : | |
| | : | |
| Appellant | : | No. 795 MDA 2018 |

Appeal from the Judgment of Sentence March 15, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0002383-2017

BEFORE:   PANELLA, P.J., MURRAY, J., and PELLEGRINI*, J.

DISSENTING OPINION BY PELLEGRINI, J.:          **FILED MARCH 04, 2019**

Because I disagree with the majority that there was sufficient evidence for a jury to convict of animal fighting "for amusement or gain" under 18 Pa.C.S. § 5511(h.1)(1) (Animal Fighting), I respectfully dissent.[1]

The majority recites the facts in full and I will not repeat them in full here.  To summarize, there was a neighborhood melee involving several adults and several pit bulls.  After the fight was in progress, Charles Baumgartner (Baumgartner), responding to the request of one of the persons involved, left his residence with Menace, a pit bull and then prompted Menace to attack and fight the dog of one of the participants.  There is no dispute that the melee was not pre-planned nor were the dogs trained for dogfighting.  In addition to

_____

[1] Recodified at 18 Pa.C.S. § 5543(1).

_____

* Retired Senior Judge assigned to the Superior Court.

the Animal Fighting charge for which he was found guilty, he was also charged with aggravated assault and simple assault against the participant who owned the other dog involved in the attack and was found not guilty of those charges.

On appeal, Baumgartner contends that there was insufficient evidence to convict him of animal fighting because there was no evidence that his conduct was for "amusement or gain."

In finding that there was sufficient evidence, the majority recognizes that the fight between Baumgartner's pit bull and the other dog was not for pecuniary gain or amusement. Nonetheless, it finds the evidence sufficient to make out the charge because Baumgartner's motive in causing his dog to fight the other participant's dog was personal gain, *i.e.*, retribution. It arrived at this conclusion finding that if the General Assembly intended that the Animal Fighting provision "to apply only to animal fights organized as financial enterprises for pecuniary gain, it would have worded the statute to reflect that intent. To the contrary, the disjunctive statutory phrase 'for amusement or gain' indicates that animal fighting is a crime whether it is motivated by personal or pecuniary gain." Majority, Slip Opinion, p. 15.

I disagree with the majority that retribution is the type of "amusement or gain" within the meaning of the statute. I do so because this interpretation is supported by looking at all of 18 Pa.C.S. § 5511. When making an interpretation, I note that:

> "Generally speaking, under the rule of lenity, penal statutes are to be strictly construed, with ambiguities resolved in favor of

the accused." ***Commonwealth v. Lynn***, 631 Pa. 541, 114 A.3d 796, 818 (2015). Our Supreme Court has explained:

> In matters involving statutory interpretation, the Statutory Construction Act directs courts to ascertain and effectuate the intent of the General Assembly. 1 Pa.C.S.[A.] § 1921(a). A statute's plain language generally provides the best indication of legislative intent. In construing the language, however, and giving it effect, we should not interpret statutory words in isolation, but must read them with reference to the context in which they appear.

***Commonwealth v. Giulian***, 141 A.3d 1262, 1267 (Pa. 2016) Additionally, "[w]hen there is an interpretation available that gives effect to all of the statute's phrases and does not lead to an absurd result, that interpretation must prevail." ***Commonwealth v. McCoy***, 962 A.2d 1160, 1168 (Pa. 2009).

18 Pa.C.S. § 5511(h.1) provides, in pertinent part, that:

Animal fighting- A person commits a felony of the third degree if the person:

    (1) for amusement or gain, causes, allows or permits an animal to engage in animal fighting;

    (2) receives compensation for the admission of another person to a place kept or used for animal fighting;

    (3) owns, possesses, keeps, trains, promotes, purchases, steals or acquires in any manner or knowingly sells an animal for animal fighting;

    (4) in any way knowingly encourages, aids or assists therein;

    (5) wagers on the outcome of an animal fight;

    (6) pays for admission to an animal fight or attends an animal fight as a spectator; or

- 3 -

(7) knowingly permits a place under the person's control or possession to be kept or used for animal fighting.

There is no ambiguity in this provision. What it meant by "amusement or gain" within the context of this provision is to outlaw animal fighting, in this case, dogfighting, as a sport.[2] That this provision is only aimed at animal fighting as a sport becomes even clearer when looking at attendant provisions addressing animal fighting. 18 Pa.C.S. § 5511(h.2)[3] defines "Animal fighting paraphernalia" as "a device, implement, object or drug used or intended to be used for animal fighting, to train an animal for animal fighting or in furtherance of animal fighting." 18 Pa.C.S.A. § 5511(h.3)[4] authorizes the seizure of animals kept, used or intended to be used for animal fighting. Moreover, if the General Assembly wanted to outlaw all animal fights, as the majority suggests, it would have just said so rather than limit the conduct covered only to those animal fights for "amusement or gain."

For the foregoing reasons, I respectfully dissent.

---

[2] For a discussion of dog fighting as a sport, **see**: Gibson "Detailed Discussion of Dog Fighting" Animal Legal and Historical Center, Michigan State University College of Law (2005). https://www.animallaw.info/article/detailed-discussion-dog-fighting.

[3] Recodified at 18 Pa.C.S.A. Sec. 5531.

[4] Recodified at 18 Pa.C.S.A. Sec. 5552.