[J-54-2019] [MO: Todd, J.]
**IN THE SUPREME COURT OF PENNSYLVANIA
MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 73 MAP 2018 |
| | : | |
| Appellee | : | Appeal from the Order of Superior |
| | : | Court at No. 1923 EDA 2017 dated |
| | : | May 8, 2018, Affirming the Judgement |
| v. | : | of Sentence of the Delaware County |
| | : | Court of Common Pleas, Criminal |
| | : | Division, at No. CP-23-CR-4965-2016 |
| SHANE C. SMITH, | : | dated May 9, 2017. |
| | : | |
| Appellant | : | ARGUED:  May 16, 2019 |

**DISSENTING OPINION**

**JUSTICE MUNDY**                                       **DECIDED:  November 20, 2019**

Section 6110.2(a) of the Crimes Code prohibits an individual from "possess[ing] a firearm which has had the manufacturer's number integral to the frame or receiver altered, changed, removed or obliterated."  18 Pa.C.S. § 6110.2(a).  The majority construes the term "altered" in isolation and finds it sufficiently ambiguous to warrant application of the rule of lenity.  Majority Op. at 10, 13.  I respectfully disagree that the word "altered" is ambiguous when read in conjunction with the other terms used in the statute.  Therefore, I dissent.

In Section 6110.2(a), the word "altered" is followed by three additional terms – "changed, removed or obliterated."  Immediately apparent is the legislature's inclusion of the word "changed."  If the legislature intended for the word "altered" to be read as synonymous with "changed," including the latter would be redundant and illogical.  Also noteworthy is the order of the four terms used in the statute, which describe increasingly apparent degrees of defacement.  The use of the word "altered" in conjunction with words

such as "changed, removed or obliterated" suggests that "altered" encompasses more subtle acts of tampering where the manufacturer's number remains discernable, but has clearly been made different from its original state.

The majority discounts the lower court's reliance on the definition of "alter," which means "to make different without changing into something else." Majority Op. at 8 (citing https://www.merriam-webster.com/dictionary/alter). Instead, the majority consults several additional definitions of "alter" and ultimately concludes that "[t]hese definitions indicate that the terms 'alter' and 'change' can be viewed as, essentially, synonymous[.]" Majority Op. at 9. This conclusion is flawed because it considers the term "alter" in isolation, rather than within the statute itself. *See Commonwealth v. Guilian*, 141 A.3d 1262, 1267 (Pa. 2016) (explaining statutory words must be read "with reference to the context in which they appear") (citations omitted); *see also A.S. v. Pennsylvania State Police*, 143 A.3d 896, 906 (Pa. 2016) (citing *Yates v. United States*, 135 S. Ct. 1074, 1082 (2015) ("In law as in life, however, the same words, placed in different contexts, sometimes mean different things.") (citation omitted)). Accordingly, I find the term "altered" unambiguous because the only reasonable meaning in context is "to make different without changing into something else." Thus, I would not resort to alternative principles of statutory interpretation. *See* 1 Pa.C.S. § 1921(b) ("When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.").

However, because the majority focuses heavily on the object of the statute, I find it necessary to note that my interpretation is not adverse to the statute's purpose of "help[ing] police officers identify the owner of weapons used in criminal offenses." *Commonwealth v. Ford*, 175 A.3d 985, 992 (Pa. Super. 2017). The majority essentially holds that criminal liability does not attach to possessing a firearm whose manufacturer's

number has been deliberately vandalized but is nonetheless discernable. I do not believe the legislature intended such a result considering any obviously intentional attempt to remove a firearm's manufacturer number – whether or not the number is ultimately legible – makes discerning the number increasingly difficult than it would be absent any markings.

Applying the definition of "alter" meaning "to make different without changing into something else," I find the evidence sufficient to support Smith's conviction. At trial, the Commonwealth admitted a photograph of the firearm which depicted obvious signs that the manufacturer's number had been tampered with, despite remaining visible. These markings included repeated scratches and abrasions solely to the number and nowhere else on the weapon. *See* N.T., 8/9/16, at 10. In light of this evidence, the trial court concluded that "the serial number had been, at a minimum, altered from its original state." Trial Ct. Op., 7/25/17, at 8. This conclusion is wholly consistent with the meaning of "altered." Accordingly, I dissent.