J-S10019-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEREMY BANEY | : | |
| | : | |
| Appellant | : | No. 1301 MDA 2020 |

Appeal from the Order Entered September 14, 2020
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0000124-1996

BEFORE: MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.*

MEMORANDUM BY McLAUGHLIN, J.: **FILED JULY 27, 2021**

Jeremy Baney appeals from the order denying his Motion for Extraordinary Relief for Redacting or Destroying of Expunged Records and Information. We affirm.

In 1996, Baney pleaded guilty in Lycoming County to furnishing alcohol to minors ("Lycoming County conviction"). The trial court sentenced him to 12 months in the Intermediate Punishment Program. In June 1996, the court found probable cause existed to find Baney violated probation based on an arrest in Mercer County ("Mercer County arrest"), and also because he had tested positive for a controlled substance when he was committed to Lycoming County Prison. **See** Order, June 13, 1996; Intermediate Punishment, Order of Detainment, at Violation 1 and 2. The Lycoming County court ultimately found

_____

* Retired Senior Judge assigned to the Superior Court.

him in violation of probation, in March 1997, citing additional violations that occurred in 1997 and his prior positive drug test.

Baney was later acquitted of the charges in Mercer County. In 2006, the Mercer County arrest was expunged from his criminal record. A letter from the Central Repository states:

> The expungement order for the arrest dated 04/19/1996 was received 03/15/2006. The expungement was completed on 4/21/2006 and the charges of CS13A30, CS13A16, CS13A32 and CC0903 have been removed from your criminal history record.
>
> All information reflected on your criminal history record is complete and accurate as contained in the files of the Pennsylvania State Police Central Repository and does not preclude the existence of other criminal records which may be contained in the repository of other local, state and federal criminal justice agencies.

Motion for Extraordinary Relief at Exh. A. The Mercer County Clerk of Courts stated the records had been expunged and "[a]gencies and individuals that were previously furnished, by this Department, Criminal History Record Information pertaining to the [case] were notified in accordance with 18 Pa.C.S.A. § 9122." *Id.*

Baney then filed in Lycoming County, in June 2020, a "Motion for Extraordinary Relief for Redacting or Destroying of Expunged Records and Information Relating." He asked the Lycoming County court to remove any mention of the Mercer County arrest from the record of his Lycoming County case. The trial court denied the motion. Although it had not cited the arrest

as a reason for finding him in violation of probation at the violation hearing, it now cited it:

> Although [Baney's] case in Mercer County resulted in an acquittal and subsequent expungement, [Baney] had a final probation violation hearing on the allegation in Lycoming County and was found to have violated the conditions of his probation based on his Mercer County arrest. [Baney] is entitled to have his Mercer County case expunged from his criminal record. He is not entitled to redaction or expungement of every tangential mention of his arrest, certainly not when the arrest resulted in a final finding of a probation violation.[1]

Order, filed July 15, 2020.

Baney appealed and raises the following issue: "Did the [trial] court err[] when it failed to expunge and/or redact records relating to an expunged case?" Baney's Br. at 4.[2] He claims "there [are] still some traces [of] the Mercer [County] arrest in Lycoming County's records" and that the references should be redacted or expunged. He asserts the definition of "expunge" includes "[t]o remove information so that there is no trace or indication that such information existed." Baney's Br. at 8 (quoting 18 Pa.C.S.A. § 9102). He states he has a right to be free of harm to his reputation and argues that the court failed to enforce the expungement or redaction of information of an expunged case. He maintains that expunging or redacting the record will not erase the

---

[1] As noted above, although the court found probable cause existed to find Baney violated probation based on the Mercer County arrest, the final order of probation was based on other violations.

[2] The Commonwealth did not file an appellate brief or a response in the trial court to Baney's motion.

trial court record, but rather will just remove the reference to the expunged case. *Id.* at 9-10.

Baney's claim raises a question of statutory construction, and is therefore a question of law, which we review *de novo*. ***Commonwealth v. Giulian***, 141 A.3d 1262, 1266 (Pa. 2016).

Baney's Mercer County arrest was expunged under 18 Pa.C.S.A. § 9122(a)(4). The Criminal History Record Information Act ("CHRIA") defines "expunge" as:

> (1) To remove information so that there is no trace or indication that such information existed;
>
> (2) to eliminate all identifiers which may be used to trace the identity of an individual, allowing remaining data to be used for statistical purposes; or
>
> (3) maintenance of certain information required or authorized under the provisions of section 9122(c) (relating to expungement), when an individual has successfully completed the conditions of any pretrial or posttrial diversion or probation program.

18 Pa.C.S.A. § 9102.

However, some documents and records are not subject to expungement. Section 9122(e) provides: "Public records listed in section 9104(a) (relating to scope) shall not be expunged." Section 9104(a) exempts from expungement "documents, records or indices prepared or maintained by or filed in any court":

> (a) General rule.--Except for the provisions of Subchapter B (relating to completeness and accuracy), Subchapter D (relating to security) and Subchapter F (relating to

individual right of access and review), nothing in this chapter shall be construed to apply to:

> (1) Original records of entry compiled chronologically, including, but not limited to, police blotters and press releases that contain criminal history record information and are disseminated contemporaneous with the incident.

> (2) Any documents, records or indices prepared or maintained by or filed in any court of this Commonwealth, including but not limited to the minor judiciary.

18 Pa.C.S.A. § 9104(a) (footnotes omitted).

The court did not err in finding that the redaction of the mention of the Mercer County arrest in the court documents related to the Lycoming County case was not necessary. The arrest was mentioned in a document filed in the trial court and is therefore not subject to expungement. *See* 18 Pa.C.S.A. § 9104(a).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/27/2021