Tolo Properties LLC,                 :
           Appellant        :
                             :
        v.                     :
                             :
Linda D. Stewart, Administratrix  :   No. 374 C.D. 2019
of the Estate of Rose Walls     :   Submitted: February 14, 2020

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON       FILED: May 11, 2020

Tolo Properties, LLC (Appellant), appeals from the February 15, 2019 order of the Philadelphia County Court of Common Pleas (trial court) that dismissed Appellant's Petition for the Appointment of a Conservator Pursuant to the *Abandoned and Blighted Property Conservatorship Act* (Petition) of real property located at 1808 Harlan Street, Philadelphia, Pennsylvania (the Property). For the reasons that follow, we reverse and remand for further proceedings.

On January 11, 2019, Appellant commenced this matter as an *in rem* action by filing the Petition pursuant to the Abandoned and Blighted Property Conservatorship Act, Act of November 26, 2008, P.L. 1672, No. 135, *as amended*, 68 P.S. §§ 1101-1111 (the Act). The Petition alleged the following concerning the Property:

18.	The Property is a vacant, abandoned lot located at 1808 Harlan Street, Philadelphia, Pennsylvania 19121.

19. The Property once contained a building that was demolished thereby turning the parcel into a vacant lot.

Petition at 3, ¶¶ 18-19.

The trial court dismissed the Petition without a hearing by order dated February 15, 2019, that stated: "[Appellant] has failed to establish the property in question falls under the definition of a 'building' pursuant to the Act." Trial Court Order to Dismiss dated February 15, 2019 (Order to Dismiss). Appellant timely appealed to this Court.[1,2]

In its Pennsylvania Rule of Appellate Procedure 1925(a) opinion (1925(a) Opinion), the trial court explained its determination that the Property did not qualify as a "building" under the Act as follows:

> The [Act] defines "building" as "[a] residential, commercial or industrial building or structure and the land appurtenant thereto, including a vacant lot on which a building has been demolished." . . . Grammatically, the clause "including a vacant lot on which a building has been demolished" is an appositive. An appositive is a noun or pronoun – often with modifiers – set beside another noun or pronoun to explain or identify it. In the definition of "building," the appositive "including a vacant lot on which a building has been demolished" explains that the land appurtenant to any residential, commercial or industrial building or structure includes any vacant lots upon which a structure was demolished. Stated

---

[1] "Our review is limited to determining whether the trial court abused its discretion or committed an error of law necessary to the outcome of the case." *City of Bethlehem v. Kanofsky*, 175 A.3d 467, 475 (Pa. Cmwlth. 2017) (internal quotations omitted).

[2] Appellee was precluded from filing a brief in this matter for failure to comply with this Court's Order of January 6, 2020, requiring Appellee to file a brief within 14 days.

2

differently, a vacant lot can only be subject to a conservatorship action if 1) the vacant lot is included in the land appurtenant to a residential, commercial or industrial building or structure that is also subject to a conservatorship petition and 2) the vacant lot has a structure that had been demolished.

1925(a) Opinion at 2-3 (internal citations and some quotation marks omitted).

On appeal, Appellant alleges that the trial court committed an error of law and/or an abuse of discretion by ruling that the Property did not qualify as a "building" under the Act. *See* Appellant's Brief at 9-20. Simply put, Appellant contends that the trial court erred by ruling that a vacant lot where a building once stood cannot constitute a "building" by itself under the Act, and that an adjacent building also subject to the Act must be present to qualify the vacant lot in question for a conservatorship under the Act. *Id.* We agree.

When a statutory definition is not explicit, courts must ascertain the intention of the General Assembly regarding the term. *Younkin v. Bureau of Prof'l & Occupational Affairs, State Real Estate Comm'n*, 774 A.2d 1281, 1285 (Pa. Cmwlth. 2001); *see also* 1 Pa.C.S. § 1921(a). In conducting an exercise of statutory interpretation, Pennsylvania courts follow certain oft-stated basic precepts based on Pennsylvania's Statutory Construction Act of 1972:[3]

In matters involving statutory interpretation, the Statutory Construction Act directs courts to ascertain and effectuate the intent of the General Assembly. A statute's plain language generally provides the best indication of legislative intent. In construing the language, however, and giving it effect, we should not interpret statutory words in isolation, but must read them with reference to the context in which they appear.

_____

[3] 1 Pa.C.S. §§ 1501-1991.

3

*Commonwealth v. Giulian*, 141 A.3d 1262, 1267 (Pa. 2016) (internal citations and quotation marks omitted). Additionally, the Statutory Construction Act provides that "[e]very statute shall be construed, if possible, to give effect to all its provisions." 1 Pa.C.S. § 1921(a).

However,

> [w]hen a statute is ambiguous, [reviewing courts] may go beyond the relevant texts and look to other considerations to discern legislative intent. Where statutory or regulatory language is ambiguous, [appellate courts] may resolve the ambiguity by considering, *inter alia,* the following: the occasion and necessity for the statute or regulation; the circumstances under which it was enacted; the mischief to be remedied; the object to be attained; the former law, if any, including other statutes or regulations upon the same or similar subjects; the consequences of a particular interpretation; and administrative interpretations of such statute.

*Giulian*, 141 A.3d at 1267 (internal case citations and quotation marks omitted).

Based on the above precepts, we look first at the language of the statute. The Act provides that

> [a] petition for the appointment of a conservator to take possession and to undertake the rehabilitation of a building may be filed by a party in interest in a court in the county in which the building is located.

Section 4 of the Act, 68 P.S. § 1104(a). The Act defines a "building" as

> [a] residential, commercial or industrial building or structure and the land appurtenant thereto, including a vacant lot on which a building has been demolished.

4

Section 3 of the Act, 68 P.S. § 1103. On its face, this language applies to four categories of property considered a "building" under the Act: 1) a residential building or structure (and land appurtenant thereto); 2) a commercial building or structure (and land appurtenant thereto); 3) an industrial building or structure (and land appurtenant thereto); and 4) a vacant lot on which a previously standing building has been demolished.

We do not agree with the trial court that the phrase "including a vacant lot on which a building has been demolished" modifies the terms "residential building or structure," "commercial building or structure," or "industrial building or structure" to mean that a vacant lot can only be subject to a conservatorship action where the vacant lot is appurtenant to a residential, commercial, or industrial building or structure that is also subject to a conservatorship petition. *See* 1925(a) Opinion at 2-3. The trial court's suggested meaning for the phrase "including a vacant lot on which a building has been demolished" already exists in the Act's definition of "building" in the directly preceding phrase "and the land appurtenant thereto," which modifies residential, commercial, and industrial buildings and structures already under the definition of "building" and thus subject to the terms of the Act. The only way to give effect to the phrase "including a vacant lot on which a building has been demolished," therefore, is to treat it as a fourth category of property encompassed under the Act's definition of "building." To determine otherwise would render the phrase redundant to the directly preceding phrase "and the land appurtenant thereto." Such an interpretation would run contrary to our rules of statutory construction. *See* 1 Pa.C.S. § 1921(a).

Even assuming the ambiguity the trial court finds exists, we must then attempt to discern the General Assembly's intent in passing the law. *See* 1 Pa.C.S.

5

§ 1921(a). In this matter, attempting to discern the legislature's intent involves examination of the reason the legislature added the phrase "including a vacant lot on which a building has been demolished" in a 2014 amendment of the Act's definition of "building." This can be accomplished by reviewing the legislative history of the 2014 amendment to the Act. The House Committee on Appropriations' fiscal note regarding the proposed amendment to the Act states that "[t]he legislation does the following: . . . Adds vacant lots on which buildings have been demolished to the definition of 'building.'" House Committee on Appropriations Fiscal Note on House Bill No. 1363, dated October 8, 2014, at 1. Likewise, the Senate Appropriations Committee fiscal note regarding the amendment states: "House Bill 1363 expands the existing definition of 'building' to include a vacant lot on which a building has been demolished." Senate Appropriations Committee Fiscal Note on House Bill 1363, dated October 6, 2014, at 1. The intent of the General Assembly to "expand" the definition of "building" to include vacant lots where previously standing buildings have been demolished is clearly evidenced from these legislative sources.

Here, the Petition alleged that the Property is a vacant, abandoned lot that once contained a building that has been demolished. This allegation, if proven, would suffice to qualify the Property as a building subject to the appointment of a conservator under the Act. Therefore, the trial court erred in dismissing this matter without a hearing based on the Property not qualifying as a "building" under the Act.

For these reasons, we reverse the order of the trial court and remand the matter for proceedings consistent with this opinion.

_____
CHRISTINE FIZZANO CANNON, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tolo Properties LLC,  
              Appellant

        v.

Linda D. Stewart, Administratrix  
of the Estate of Rose Walls

    :
    :
    :
    :
    :
    :
    :    No. 374 C.D. 2019
    :

## O R D E R

AND NOW, this 11th day of May, 2020, the February 15, 2019 order of the Philadelphia County Court of Common Pleas is REVERSED and the matter is REMANDED for further proceedings.

Jurisdiction relinquished.

 

_____  
CHRISTINE FIZZANO CANNON, Judge