J-A16011-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| VAUGHN DOUGLAS SPENCER | : | |
| | : | |
| Appellant | : | No. 1585 MDA 2022 |

Appeal from the Order Entered October 6, 2022
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0000851-1986

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and McCAFFERY, J.

MEMORANDUM BY PANELLA, P.J.:          **FILED: DECEMBER 13, 2023**

Vaughn Spencer appeals from the order denying his petition for expungement of a decades-old conviction. Spencer asserts the trial court incorrectly determined he was ineligible for expungement based on a faulty interpretation of the relevant provision in the expungement statute. ***See*** 18 Pa.C.S.A. § 9122(b)(1). We affirm.

In 1987, Spencer entered a negotiated guilty plea to aggravated assault. The trial court sentenced Spencer to five years' probation. Spencer thereafter remained free from arrest or prosecution for almost three decades.

In 2017, Spencer was charged with conspiracy to commit federal programs bribery. He was convicted a year later by a federal jury.

On August 4, 2022, while in federal prison on the unrelated offense, Spencer filed a petition for expungement of the aggravated assault charge.

Spencer's reasons for seeking expungement mirrored language pursuant to Section 9122(b)(3), which provides:

> **(b) Generally.--**Criminal history record information may be expunged when:
>
> > (1) An individual who is the subject of the information reaches 70 years of age and has been free of arrest or prosecution for ten years following final release from confinement or supervision.

18 Pa.C.S.A. § 9122(b)(1). Specifically, Spencer argued the "offense was thirty-six years ago"; the offense "was the result of an emotional response to the tragic death of Spencer's daughter at the age of 6"; and that he was "now 74 years old and was free from arrest or prosecution for more than ten years following his release from confinement for this offense." Petition for Expungement, 8/4/2022.

A few days later, the trial court entered an order stating no hearing would be scheduled unless the Commonwealth opposed the petition. The court further issued and served on the Commonwealth a rule to show cause why the petition for expungement should not be granted.

On October 6, 2022, the Commonwealth filed a response, stating it objected to the trial court granting expungement on the basis that Spencer was not eligible for expungement. Specifically, the Commonwealth stated due to Spencer's new federal conviction in 2018, ten years from final release from confinement or supervision had not passed, as required by Section 9122(b)(1).

The next day, the trial court entered an order denying the petition for expungement, reiterating the same basis stated by the Commonwealth.

On October 21, 2022, Spencer filed a motion to reconsider and vacate the order denying expungement. This timely notice of appeal followed shortly thereafter.[1]

On November 7, 2022, the trial court ordered Spencer to file a concise statement of errors complained of on appeal within 21 days, as prescribed by Pa.R.A.P. 1925(b)(3). Spencer filed a 1925(b) statement on November 22, 2022. Although the concise statement was timestamped by the Berks County Clerk of Courts on November 22, 2022, there is no entry on the trial court docket for the concise statement on this date. However, there is a docket entry for a concise statement on January 4, 2023.

On January 11, 2023, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a). In the opinion, the court opined that Spencer's issues should be waived due to an untimely concise statement, relying on the docketed date of January 4, 2023. The court nevertheless addressed the issues raised in the concise statement. It is unclear from the record why the concise statement is listed on the docket in January 2023 despite bearing a timestamp from the clerk of courts for Berks County from November 2022. As

---

[1] The trial court did not respond to the motion to reconsider either before or after the notice of appeal was filed.

- 3 -

the concise statement is time-stamped by the clerk of courts well within the 21-day time frame, we find it was timely filed.

First, Spencer claims the trial court misapplied the relevant statute in determining whether he was eligible for expungement. Spencer asks this Court to reject the trial court's reading of the statute, and remand for a hearing on the merits of his petition.

This issue presents a question of statutory interpretation; therefore, our standard of review is *de novo* and our scope of review is plenary. **See Commonwealth v. Haag**, 981 A.2d 902, 904 (Pa. 2009) (citation omitted).

> In all matters involving statutory interpretation, we apply the Statutory Construction Act, 1 Pa.C.S. §§ 1501 *et. seq*, which directs us to ascertain and effectuate the intent of the General Assembly. To accomplish that goal, we interpret statutory language not in isolation, but with reference to the context in which it appears. A statute's plain language generally provides the best indication of legislative intent. Only where the words of a statute are ambiguous will we resort to other considerations to discern legislative intent.

**Commonwealth v. Kingston**, 143 A.3d 917, 922 (Pa. 2016) (citations and parentheticals omitted). "When the parties read a statute in two different ways and the statutory language is reasonably capable of either construction, the language is ambiguous." **Commonwealth v. Giulian**, 141 A.3d 1262, 1268 (Pa. 2016).

"There is a long-standing right in this Commonwealth to petition for expungement of a criminal arrest record, a right that is an adjunct of due

- 4 -

process." **Commonwealth v. Moto**, 23 A.3d 989, 993 (Pa. 2011) (citation omitted).

> [T]he law provides a distinction between situations where the charges have and have not resulted in a conviction. In matters which have resulted in a conviction, expungement may occur only where 1) the subject of the information reaches the age of seventy and has been free from arrest or prosecution for ten years or 2) where the individual has been dead for three years. [18 Pa.C.S.A. § 9122(b)]. Where a suspect was charged but not convicted, however, the courts are to engage in a balancing test as outlined in **Commonwealth v. Wexler**, 494 Pa. 325, 431 A.2d 877 (1981).

**Commonwealth v. Wolfe**, 749 A.2d 507, 508 (Pa. Super. 2000) (some citations omitted).

Here, Spencer seeks expungement of his aggravated assault conviction. Accordingly, expungement could only occur if he met the two requirements under Section 9122(b)(1). The conflicting interpretations at issue in this appeal turn on the statute's second requirement that reads that the individual must be "free of arrest or prosecution for ten years following final release from confinement or supervision." 18 Pa.C.S.A. § 9122(b)(1).

Spencer argues he was released from supervision for the aggravated assault charge, for which he seeks expungement, in December 1992 and remained free of arrest or supervision for the next 26 years. Spencer therefore contends that he satisfied the second requirement.

On the other hand, the Commonwealth opposed Spencer's petition on the basis that since Spencer received a new conviction in 2018, ten years from final release from confinement or supervision had not passed. In other words,

- 5 -

the Commonwealth interprets Section 1922(b)(1) to mean that ten years has to pass from release from confinement or supervision from any conviction, not just the conviction that would be expunged. Importantly, the trial court seemingly agreed with the Commonwealth's interpretation of the statute, using this reasoning as the basis of its denial of the petition for expungement.[2]

Both Spencer and the Commonwealth believe **Giulian** supports their respective positions. There, Giulian was convicted of public drunkenness and harassment in 1997, and criminal mischief in 1998. In 2013, she petitioned the court for expungement of these summary offenses, based on another subsection of the expungement statute that governs expungement for summary convictions, 18 Pa.C.S.A. § 9122(b)(3). That subsection requires a petitioner to be "free of arrest or prosecution for five years following the conviction" to be eligible. **Giulian**, 141 A.3d at 1264. The Commonwealth did not object to expungement of the 1998 convictions but opposed the expungement of the 1997 offenses. The Commonwealth asserted Giulian did not remain free of arrest or prosecution for the five-year period immediately

_____

[2] In its 1925(b) opinion, the trial court no longer focuses on that same basis. Rather, the trial court purports that it exercised its discretion to deny the request for expungement and that it was not an abuse of discretion to do so. However, the court's denial of the petition for expungement was not based on its discretion. Instead, the court specifically found Spencer was not eligible for expungement as a matter of law pursuant to its reading of the statute. As the court specifically found Spencer was not even eligible for discretionary expungement, the court never formally exercised its discretion. Therefore, we need not address whether or not there was an abuse of discretion.

following her 1997 convictions, because she was arrested in 1998. Giulian's 1997 convictions were thus ineligible for expungement. The trial court denied Giulian's petition on that basis, and this Court affirmed that decision in an opinion.

On appeal, the Pennsylvania Supreme Court found the language of Section 9122(b)(3) was ambiguous. Specifically, that subsection failed to specify whether the petitioner's arrest-free five years must *immediately* follow the conviction or could be *any* five-year period following the conviction. The Supreme Court reasoned that the Commonwealth's reading would produce an irrational result. In the Commonwealth's interpretation, a petitioner like Giulian could not expunge older offenses, even if another fifty arrest-free years elapse. Further, the Court found that the Superior Court erred by imputing a requirement that the petitioner needed to be arrest free for "the" five years "immediately" following the summary conviction. **See Giulian**, 141 A.3d at 1268 ("[W]e have stressed courts should not add, by interpretation, a requirement not included by the General Assembly"). Additionally, the Court credited the view that the General Assembly's use of the present perfect tense "has been free of arrest" supports that the subsection does not refer to any particular five-year period. Accordingly, the Court found the Superior Court erred in altering the text of the statute in narrowing its scope when it found Giulian "was" not free of arrest or prosecution for "the" five years following the 1997 offense. The Court reversed and remanded the case.

The Commonwealth argues that Spencer's reliance on *Giulian* is misplaced, and that the holding there actually supports the trial court's decision. We agree.

Here, the statutory language in Section 9122(b)(1) is similarly ambiguous, as it is reasonably capable of the two incompatible constructions provided by Spencer and the Commonwealth. As there is no other qualifying language to indicate what offense the final confinement needs to be from, it is not immediately clear when the ten-year period applies to. Spencer interpreted the clause "ten years following final release from confinement or supervision" to apply only to the offense for which expungement is sought. The Commonwealth's reading applies that clause to the most recent conviction received by a petitioner.

While Spencer argues the trial court and Commonwealth incorrectly added words into the statute, we find it is actually Spencer who has incorrectly read words into the statute. We find the absence of any language qualifying that the ten years must be from a particular offense persuasive that the legislature envisioned the requirement applying generally. Spencer's interpretation would require us to read the additional phrase "for that offense" into section 9122(b)(1). As this phrase was used in another section of the statute, the omission of the phrase from Section 9122(b)(1) is telling. **See** 18 Pa.C.S.A. § 9122(b)(3)(i) ("An individual who is the subject of the information petitions the court for expungement of a summary offense and has been free

of arrest or prosecution for five years following the conviction for that offense."). Notwithstanding the exclusion of the phrase "for that offense", Spencer asks us to construe Section 9122(b)(1) in a manner which would limit application of subsection (b)(1) to a ten-year timeframe after final confinement from only the offense sought to be expunged. If the legislature had meant for ten years to have passed from final confinement for the offense at issue only, they would have used the same phrase used later in the statute.

Accordingly, we conclude the trial court did not err in denying Spencer's petition based on a finding that he is ineligible for expungement at this time.

In his second and final issue, Spencer argues the trial court erred in denying him a hearing, and in engaging in a **Wexler** fact-finding analysis without a hearing.

As the court specifically found Spencer was not eligible for discretionary expungement in denying the petition, there was no reason for the trial court to even reach a **Wexler** analysis. Accordingly, any such discussion in the trial court's opinion is irrelevant.[3]

---

[3] We note that Spencer's guilty plea constituted a conviction. Accordingly, because this case involves an attempt to expunge a charge resulting in a conviction, we agree with Spencer and reject as inapposite the trial court's reliance in its opinion on cases involving charges dismissed pursuant to a negotiated plea agreement, *see e.g. Commonwealth v. Lutz*, 788 A.2d 993 (Pa. Super. 2001); *Commonwealth v. Maxwell*, 737 A.2d 1243 (Pa. Super. 1999); *Wexler*. However, as we find the trial court did not err in finding Spencer was not eligible for expungement due to his 2018 conviction, the court's analysis of inapposite cases does not change our conclusion. The trial
*(Footnote Continued Next Page)*

As none of Spencer's issues merit relief we affirm the order denying his petition for expungement.

Order affirmed.

Judgment Entered.

signature

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/13/2023

---

court did not need to reach a discretionary analysis since Spencer was not statutorily eligible for expungement.